UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Gregory Davis,

    Plaintiff,

v.     Case No. 14-10443

Detroit Police and Fire Pension System,     Sean F. Cox
*et al.*,     United States District Court Judge

    Defendants.
_____/

### ORDER GRANTING
### DEFENDANTS' MOTION FOR LEAVE TO FILE DISPOSITIVE MOTION

Acting *pro se*, Plaintiff filed this action asserting claims against the "Detroit Police and Fire Pension System"[1] and Cynthia Thomas on January 30, 2014.

Beginning on March 7, 2014, Defendants were represented by Counsel, Lawrence Walker. Defendants' March 7, 2014 Affirmative Defenses included that Plaintiff's claims are barred by the applicable statute of limitations. (Docket Entry No. 4 at Pg ID 35). Thus, Plaintiff has been on notice since March 7, 2014, that Defendants assert that his claims are barred by the applicable statute of limitations.

This Court extended the dates in the initial Scheduling Order at the joint request of the parties. (*See* Docket Entry Nos. 17 & 19). This Court's 2nd Scheduling Order provided that motions must be filed by November 10, 2014. (Docket Entry No. 20).

---

[1]Defendants' current counsel asserts that Plaintiff's Complaint improperly names the "Police and Fire Retirement System of the City of Detroit" as the "Detroit Police and Fire Pensions System." (Defs.' Br. at 1). The Court directs the parties to meet and confer as to this issue, to see if they can agree on a stipulation and order to correct this apparent error.

1

It also advised the parties of the Court's requirements for the Final Pretrial Conference, specifically the preparation and submission of a Joint Final Pretrial Order.  (*Id*. at Pg ID 103).  It expressly advises the parties that "A proposed <u>Joint</u> Pretrial Statement signed by counsel for all parties, shall be filed with the Court **one week prior** to the Final Pretrial Conference.  The requirements of such a pretrial order are attached.  ***All requirements must be complied with.***"  (Docket Entry No. 20 at 1) (emphasis in original).  The Scheduling Order further provides that "Counsel for plaintiff(s) *or a plaintiff without counsel* shall convene a conference for all parties to confer and collaborate in formulating a concise joint final pretrial order" and that "Counsel for plaintiff(s) *or a plaintiff without counsel* shall submit an original and one copy of the order to [this Court] for approval and adoption."  (*Id*.). (emphasis added).

The deadline for filing dispositive motions passed without any party having filed a dispositive motion.  On October 9, 2015, the Court notified the parties that the Final Pretrial Conference would be held on October 27, 2015.  Plaintiff did not provide the Court with a proposed Final Pretrial Order before, or even at, the October 27, 2015 conference.

During the conference, the parties indicated that no proposed Final Pretrial Order had been submitted to the Court because the parties had not been able to agree on a proposed order.  In addition, Defense Counsel advised that Court that due to serious health issues with his parents he has been unable to meet his obligations in this case and neglected to file a dispositive motion within the time permitted for doing so.  Defense Counsel asked the Court to allow the law firm of Clark Hill to enter an appearance in this action and proceed with the case on behalf of Defendants.  He also asked that the Court consider granting Defendants leave to file a dispositive motion.

2

Thereafter, this Court issued an order providing that if Defendants wish to have substitute counsel enter an appearance, that is to be done by November 3, 2015. (Docket Entry No. 54). The Court further advised it would hold a Status Conference/Joint Final Pretrial Conference in this matter on November 17, 2015.

Neither Defendants nor Counsel at the Clark Hill law firm, however, were provided with this Court's October 27, 2015 Order until after November 3, 2015. But Counsel from the Clark Hill law firm entered appearances on November 17, 2015 and appeared at the November 17, 2015 conference.

Thereafter, on November 25, 2015, Defendants' newly-retained counsel filed a Motion for Leave to File Dispositive Motion. (Docket Entry No. 63). The motion has been fully briefed.[2] The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs.

In their motion, Defendants assert that they are blameless for their prior counsel's neglect in failing to file a timely dispositive motion. They note that "[c]ourts in this Circuit and across the nation consistently acknowledge that a party should not be held responsible for the neglect of its attorney in following orders of the court or the court rules." (Defs.' Br. at 4) (Citing *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951 (6th Cir. 1987)). Defendants further assert that Plaintiff

---

[2]Plaintiff filed a motion asking the Court to strike Defendants' reply brief as untimely because it was not filed within seven days of his response brief. (Docket Entry No. 66). But considering *all* of the applicable rules (*see* Local Rule 7.1(e)(2)(C), Fed. R. Civ. P. 6(d) and 5(b)(2)(C), the brief was timely. As such the Court shall deny this motion.

3

will not prejudiced by the filing of the motion because he has been on notice of Defendants' statute-of-limitations defense since the outset of this case. They also assert that should the Court deny their motion, "the matter will be ready for trial promptly after the Court issues its decision." (*Id*. at 5-6).

The Court appreciates Plaintiff's frustration with the lack of diligence by Defendants' former counsel. Nevertheless, the Court concludes that, under the rather unique circumstances presented here, the interests of justice weigh in favor of allowing Defendants to file a dispositive motion addressing their statute-of-limitations defense.

The lack of diligence in this matter, while unfortunate, was not due to the conduct of Defendants. Rather, it was due to the neglect of their *former counsel*, who failed to file a dispositive motion in this action and failed to apprise his clients of the status of this case. Moreover, Plaintiff has been on notice of Defendants' statute-of-limitations defense since March of 2014, and Defendants have not forfeited that defense by not filing a dispositive motion. That is, Defendants would still be able to assert that affirmative defense at trial. Thus, Plaintiff will not suffer any prejudice by virtue of the Court allowing Defendants to file their motion now. The Court concludes that allowing the parties to brief this discrete and potentially dispositive issue before trial best serves the interests of judicial economy.

Moreover, should the Court deny Defendants' motion, the Court's written decision on the motion will likely assist the parties in preparing a concise, and mutually agreeable, Joint Final Pretrial Order.

Accordingly, the Court **ORDERS** that Plaintiff's Motion to Strike (Docket Entry No. 66) is **DENIED** and Defendants' Motion for Leave to File Dispositive Motion (Docket Entry No. 63)

is **GRANTED**.

The Court further **ORDERS** that: 1) Defendants shall file their motion no later than **January 22, 2016**; 2) Plaintiff shall file his response brief no later than **February 26, 2016**; and 3) Defendants shall file their reply brief no later than **March 7, 2016.** No further briefing shall be permitted without leave of Court.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 7, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 7, 2016, by electronic mail and ordinary mail to:

**Gregory Davis**
6149 Farmbrook
Detroit, MI 48224

S/Kelly Winslow for Jennifer McCoy
Case Manager Generalist